DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BARBARA WITCHARD,

            Plaintiff,     :    PRO SE

    -against-         :    05 Civ. 05957 (JSR)(THK)

                                  :    **MEMORANDUM OPINION AND ORDER**

MONTEFIORE MEDICAL CENTER,

            Defendant.    :
------------------------------------X

**THEODORE H. KATZ, United States Magistrate Judge.**

    In this employment discrimination action, Plaintiff contends that her former employer, Montefiore Medical Center failed to accommodate her visual and pulmonary disabilities and ultimately terminated her employment in 2004. As a result of the alleged discrimination she experienced, Plaintiff claims that she suffered, and continues to suffer, major depression and severe emotional distress, and has required psychological counseling since 2004. Plaintiff also claims that she has suffered severe medical consequences as a result of Defendant's discrimination, including hypertension, asthma exacerbation, frequent migraine headaches, vision loss, and excessive hair loss. She seeks damages for all of these conditions.

    Defendant sought, and Plaintiff was ordered to provide, an appropriate release for psychological records maintained by her psychotherapist. Nevertheless, to date, the only information Defendant's counsel has received is a brief letter from Plaintiff's

COPIES MAILED
TO COUNSEL OF RECORD ON 10/17/07

therapist which describes the duration of Plaintiff's treatment, her presenting symptoms, the recommended course of treatment, and Plaintiff's prognosis. Plaintiff contends that Defendant waived its right to any other records and, in any event, has no need for the records as Plaintiff has presented ample evidence of her emotional distress. She also contends that the release of the records would cause her additional distress. In addition, Plaintiff's therapist has objected to producing his notes as they reflect therapy sessions with Plaintiff and another individual, and the other individual has an independent privacy interest in the records.

I. Plaintiff's Mental Health Records Must Be Produced

There can be no question that Plaintiff has put her psychological condition in issue in this litigation. She does not assert a garden-variety claim of emotional distress as a result of the alleged discrimination she experienced. Rather, she seeks many millions of dollars in damages, largely on the basis of the severe psychological injury she claims to have suffered as a result of Defendant's conduct. Moreover, Plaintiff contends that one result of Defendant's discriminatory conduct has been her need for psychotherapy. Under these circumstances, the notes of Plaintiff's psychotherapy sessions are highly relevant, and any privilege Plaintiff has in those notes has been waived. See, e.g., Greenberg v. Smolka, No. 03 Civ. 8572 (RWS)(MHD), 2006 WL 116521, at *6

(S.D.N.Y. Apr. 27, 2006) ("If the plaintiff contends that he has suffered a serious psychological injury, that is, the inducement or aggravation of a diagnosable dysfunction or equivalent injury, he will typically be deemed to have waived the [patient-psychiatrist] privilege."); Id. at *8 ("There are two sensible rationales for giving a defendant access to the plaintiff's treatment records when the treatment itself is not the subject of the lawsuit. First, if the treatment is directed at dealing, in whole or in part, with the consequences of the plaintiff's exposure to the defendant's alleged harmful misconduct, those records may shed light on the extent of the injury caused by the misconduct. Second, if the plaintiff has assertedly suffered more severely from exposure to the tortious conduct than a healthy person would have been expected to suffer, that emotional distress may be attributable, at least in part, to other causes, and those other causes may be reflected in the treatment records.") (internal citations omitted); Jarick v. City of New York, No. 05 Civ. 7626 (KMK)(JCF), 2006 WL 1379585, at *1 (S.D.N.Y. May 18, 2006) (where plaintiff alleged "serious, specific psychiatric injuries for which the plaintiff sought and received treatment, . . . the details of her prior treatment are highly relevant, and the plaintiff cannot pick and choose which stressors she will reveal and which she will redact"); Anderson v. City of New York, No. 05 Civ. 54422 (ERK)(MDG), 2006 WL 1134117, at *1 (E.D.N.Y. Apr. 28, 2006) (where plaintiff claims to have suffered

emotional distress as a result of the defendant's conduct, "plaintiff has placed her mental condition at issue . . . and consequently has waived her right to prevent the disclosure of her mental health records"); Cuoco v. United States Bureau of Prisons, No. 98 Civ. 9009 (WHP), 2003 WL 1618530, at *2 (S.D.N.Y. Mar. 27, 2003) ("[Plaintiff] directly put her mental and emotional state at issue when she claimed damages for emotional distress in this action. That damages claim consequently waived any psychotherapist-patient privilege for . . . psychologist's notes and statements relevant to the time and subject matter of this action.").

**Accordingly, within seven days of the date of this Order, Plaintiff shall instruct her psychotherapist to produce to Defendant's counsel the notes of Plaintiff's psychotherapy sessions, and shall provide whatever release is necessary to the therapist in order to secure the release of the records. A copy of the executed release shall simultaneously be sent to the Court and Defendant's counsel. Failure to comply with this Order will result in the imposition of sanctions, including the preclusion of any claim for emotional distress damages.**

The Court recognizes that a separate, legitimate issue exists with respect to the disclosure of records that pertain to another individual who attends Plaintiff's therapy sessions. (The identity of that individual has not been disclosed, including whether she or

4

he is related to, or is in a relationship with, Plaintiff.) To address the privacy and privileged communications of that individual, the Court has suggested that the therapist redact his records of any identifying information and any communications that do not relate to Plaintiff. Although, regrettably, such a task will place some burden on the therapist, any costs associated with that burden must be borne by Plaintiff. The production of the records are necessary to enable Plaintiff to proceed with her claims. **Accordingly, Plaintiff must ensure that the records are produced to Defendant's counsel on or before November 5, 2007.**

II. Remaining Discovery

The discovery deadline will be extended to November 30, 2007, in order to allow for the production of relevant records and the completion of Plaintiff's deposition. Defendant will be permitted an additional four hours of deposition time.

Plaintiff was given an opportunity to identify any portions of the transcript of the first day of her deposition that she claimed were inaccurate or adversely affected by her vision difficulties. She has failed to do so. Accordingly, the transcript is hereby deemed to be accurate.

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: October 17, 2007
       New York, New York

5

Copies mailed to:

Barbara Witchard
1860 Grand Concourse, #6D
Bronx, New York 10457

Jean L. Schmidt, Esq.
Brown Raysman Millstein Felder & Steiner, LLP
900 Third Ave.
New York, NY 10022

6