```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
BARBARA WITCHARD,                     :
                                      :
              Plaintiff,              :      05 Civ. 5957 (JSR)
                                      :            PRO SE
              -v-                     :
                                      :           ORDER
MONTEFIORE MEDICAL CENTER,            :
                                      :
              Defendant.              :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

    On August 14, 2008, the Honorable Theodore H. Katz, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the Court grant defendant Montefiore Medical Center's motion for summary judgment and (1) dismiss plaintiff Barbara Witchard's federal claims under the Americans with Disabilities Acts of 1990 ("ADA"), 42 U.S.C. §§ 12112-17, with prejudice, and (2) dismiss plaintiff's New York State Executive Law and New York City Human Rights Law claims without prejudice.

    On August 21, 2008, the Court granted plaintiff's request for additional time to serve and file any objections to the Report, and on September 27, 2008, plaintiff timely filed her objections. Plaintiff thereafter filed revised objections with the Court's permission, and on November 21, 2008, defendant filed its opposition to plaintiff's objections.

    Against this background, the Court has reviewed defendant's motion, the parties' submissions, and the underlying record de novo. Having done so, and having thoroughly considered plaintiff's

objections, the Court finds itself in complete agreement with Magistrate Judge Katz's excellent Report and hereby adopts it by reference.

Only one aspect of plaintiff's objections merits further mention, viz., plaintiff's submission to this Court, under the guise of objections, of facts and evidence that were never included as part of her original opposition to defendant's summary judgment motion before Judge Katz. Although there are occasions when a Court may, in its discretion, consider new evidence submitted in response to a Report and Recommendation, see 28 U.S.C. § 636(b)(1), the Court is by no means required to do so, and would be hard-pressed to do so where, as here, plaintiff has presented no persuasive reason for not presenting this material below. See Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998); Pan American World Airways, Inc. v. Int'l Brotherhood of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990) (noting that a party, when objecting to a magistrate's report before the district court, has "no right to present further testimony when it offered no justification for not offering the testimony at the hearing before the magistrate"). Indeed, "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration." Hynes, 143 F.3d at 656; see Housing Works, Inc. v. Turner, 362 F. Supp. 2d 434, 438-39 (S.D.N.Y. 2005) (finding "no reason why [the supplemental evidence] could not have been submitted to the magistrate judge," and noting that "litigants cannot be permitted to use litigation before a

2

magistrate judge as something akin to a spring training exhibition game, holding back evidence for use once the regular season begins before the district judge").

Here, plaintiff had every opportunity to submit any and all evidence in opposition to defendant's motion for summary judgment. Indeed, the record below indicates that, in opposing defendant's motion, plaintiff submitted, inter alia, a 33-page affidavit attaching 53 exhibits totaling 274 pages. Plaintiff has failed to offer any explanation for her failure to present the supplemental evidence now before this Court to Magistrate Judge Katz. At this late stage of the litigation, the Court finds no reason to consider such evidence.

The Court has also carefully considered plaintiff's other arguments, and finds them to be entirely without merit.

Accordingly, for the above-stated reasons and for the reasons stated in the Report, the Court hereby dismisses plaintiff's ADA claims with prejudice, and dismisses plaintiff's Executive Law and NYCHRL claims without prejudice to plaintiff pursuing those claims in state court. The Clerk of the Court is directed to close document number 50 on the Court's docket and to enter final judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 6, 2009